IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JOSE CABELLO, MARIA CABELLO, ANAILU CABELLO, AND CHRISTABEL CABELLO,<br><br>Plaintiffs,<br><br>VS.<br><br>UNITED STATES OF AMERICA, UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, AN AGENCY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, in their Individual Capacities, MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT and JAVIER CARDONA, in his Individual Capacity,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____<br><br>**FILED**<br>NOV 09 2011<br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____ DEPUTY CLERK<br><br>DR11CA-78 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, PLAINTIFFS, JOSE CABELLO, MARIA CABELLO, ANAILU CABELLO, and CHRISTABEL CABELLO, complaining of, DEFENDANTS, UNITED STATES OF AMERICA, UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, AN AGENCY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, in their Individual Capacities, MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT, and JAVIER CARDONA, in his Individual Capacity, Defendants, and for cause of action would show as follows:

### I. PARTIES

1. Plaintiffs are individuals residing in Eagle Pass, Maverick County, Texas.

2. Defendant, UNITED STATES OF AMERICA may be served with process by service of Summons and Complaint upon the United States Attorney for the Western District of Texas, Robert Pitman, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

3. Defendants, UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, AN AGENCY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, in their Individual Capacities, may be served with process by service of Summons and Complaint upon the United States Attorney for the Western District of Texas, Robert Pitman, whose records may indicate the identity of the agents who participated in the July 26, 2010, raid on Plaintiffs' home, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

4. Defendant, MAVERICK COUNTY, a political subdivision organized under the laws of Texas, may be served with process by serving David Saucedo, Maverick County Judge, 500 Quarry Street, Suite 3, Eagle Pass, Texas 78852.

5. Defendant, MAVERICK COUNTY SHERIFF'S DEPARTMENT, may be served with process by serving Sheriff Tomas S. Herrera, Highway 57, Route 3, Eagle Pass, Texas 78852.

6. Defendant, JAVIER CARDONA may be served with process at Highway 57, Route 3, Eagle Pass, Texas 78852.

## II. INTRODUCTORY STATEMENT AND JURISDICTION

7. This action against the United States of America arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and this Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b). Further, this suit is permitted to be instituted pursuant to 28 U.S.C. § 2675, because an administrative claim has been presented and has been left without action by the agency for six months.

8. This action against Unknown Named Federal Agents of the U.S. Immigration and Customs Enforcement, an agency of the U.S. Department of Homeland Security, is permitted to be instituted

by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),* to redress the violation by Defendants of Plaintiffs' rights secured by the Fourth Amendment to the United States Constitution in connection with the procurement and execution of a search warrant, and shooting of Plaintiff Jose Cabello, and the assaulting, handcuffing, mistreatment, and wrongful detention of Plaintiffs Maria, Anailu, and Christabel Cabello by Defendants.

9. This action against Defendants MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT, and JAVIER CARDONA, is brought pursuant to 42 U.S.C. § 1983 and § 1988 to redress the violation by Defendants of Plaintiffs' rights secured by the Fourth Amendment to the United States Constitution in connection with the shooting of Plaintiff Jose Cabello by Defendant JAVIER CARDONA and the assaulting, handcuffing, mistreatment, and wrongful detention of Plaintiffs Maria, Anailu, and Christabel Cabello by Defendants. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiffs also bring claims under state law and invoke the doctrine of pendent jurisdiction. Further, this suit is permitted to be instituted pursuant to 28 U.S.C. § 2675, because an administrative claim has been presented and has been left without action by the agency for six months.

10. Venue is proper in the United States District Court for the Western District of Texas, Del Rio Division, the district and division in which the claim arose, pursuant to 28 U.S.C., § 1391(b) and (e). All causes of action asserted herein arose in whole or in part in Eagle Pass, Maverick County, Texas, which is within the Western District of Texas, Del Rio Division.

### III. FACTUAL ALLEGATIONS

11. Upon information and belief, on or about July 26, 2010, in the early morning hours, unknown named federal agents of the U.S. Immigration and Customs Enforcement with the assistance of an

eight member response team with the Maverick County Sheriff's Department, were executing a search warrant on Plaintiffs' home. Upon information and belief, the search warrant had been obtained by unknown agents of the U.S. Immigration and Customs Enforcement. Upon information and belief, the eight member team of the Maverick County Sheriff's Department was handed the responsibility of executing the search warrant and securing the residence located at 868 Neviesca, Eagle Pass, Texas. Plaintiffs including Plaintiff Jose Cabello's young grandchildren were at their residence at 868 Neviesca, Eagle Pass, Texas at that time. Plaintiff Jose Cabello had been cooking for the family a dish that takes several hours to prepare called menudo. Plaintiff Jose Cabello arose from his sleep sometime in the early hours of the morning and walked to his kitchen in order to check on the menudo. At the same time, the eight-member response team with the Maverick County Sheriff's Department, of which Defendant JAVIER CARDONA was a member, in conjunction with unknown named agents of the U.S. Immigration and Customs Enforcement prepared to execute a search warrant on his residence and secure the premises.

12. After forcibly breaking down the door and entering the house without any warning to Plaintiffs and without knocking or announcing their presence, Defendant JAVIER CARDONA fired his assault rifle and shot Plaintiff Jose Cabello as he stood at or near the doorway of his kitchen. Plaintiff Jose Cabello was unarmed and at no time did he possess a weapon of any kind on this person. Plaintiff Jose Cabello was shot on his right shoulder with the bullet exiting through his back. A second shot was fired by Deputy Jose Blanco, but did not strike Plaintiff Jose Cabello. Thereafter, unknown named agents of the U.S. Immigration and Customs Enforcement and agents of Defendant MAVERICK COUNTY SHERIFF'S DEPARTMENT entered the residence and proceeded to handcuff and arrest Plaintiffs Maria Cabello, Anailu Cabello and Christabel Cabello. Upon information and belief, after the shooting of Plaintiff Jose Cabello and the handcuffing and detaining

of the other Plaintiffs, it was discovered that the Defendants may have secured and executed the search warrant on the wrong address and/or had targeted the wrong address. No contraband, illegal drugs, or illegal firearms were found at Plaintiffs' residence and no criminal charges were ever brought against Plaintiffs.

13. At the time of the shooting, neither Plaintiff Jose Cabello nor any of the other Plaintiffs posed any threat of serious physical harm to Defendant JAVIER CARDONA, anyone from the Maverick County Sheriff's Department or any of the unknown named agents with the U.S. Immigration and Customs Enforcement. Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, acting under the color of federal law, violated Plaintiffs' Fourth Amendment rights to be free from an unreasonable search and seizure when they executed a warrant that had been obtained by them, causing Plaintiffs to be shot, handcuffed and detained. Plaintiffs were injured as a result of force that was clearly excessive to the need for force, the excessiveness of which was objectively unreasonable. Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S actions were objectively unreasonable and constitute the use of excessive force in violation of the Fourth Amendment to the United States Constitution in that none of the Plaintiffs posed any immediate danger or threat to the safety of Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT at the time that they entered Plaintiffs' residence.

## IV. CLAIMS FOR RELIEF

**ASSAULT AND BATTERY, FALSE IMPRISONMENT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY UNITED STATES OF AMERICA**

14. Defendant UNITED STATES OF AMERICA, wrongfully secured and caused to be executed a search warrant causing Plaintiffs severe damages and injuries. Defendant UNITED STATES OF

AMERICA was reckless when it failed to ensure that the home being raided was indeed the correct home when it obtained the search warrant and executed it with the help of the Maverick County Sheriff's Department. Further, Defendant UNITED STATES OF AMERICA was reckless when it secured and executed a search warrant either on the wrong address and/or targeted the wrong home through incorrect information. As a result of Defendant UNITED STATES OF AMERICA'S reckless conduct, Plaintiffs were shot, handcuffed and detained. Plaintiffs were injured as a result of force that was clearly excessive to the need for force, the excessiveness of which was objectively unreasonable. Defendant UNITED STATES OF AMERICA'S actions were objectively unreasonable, extreme and outrageous, and constitute the use of excessive force in that none of the Plaintiffs posed any immediate danger or threat to the safety of the federal agents of the U.S. Immigration Customs and Enforcement at the time that they entered Plaintiffs' residence.

15. Defendant UNITED STATES OF AMERICA'S wrongful acts and omissions were reckless, extreme and outrageous, and unreasonable when the federal agents of the U.S. Immigration Customs and Enforcement agency obtained the search warrant, executed it with help from local authorities, and entered Plaintiffs' residence and proceeded to shoot, handcuff, and detain them. Defendant UNITED STATES OF AMERICA'S reckless, extreme and outrageous conduct, and wrongful actions and omissions amount to Assault and Battery, False Imprisonment, and Intentional Infliction of Emotional Distress for which it is liable under Texas law. Further, Defendant UNITED STATES OF AMERICA'S reckless actions and omissions caused Plaintiffs severe emotional distress.

**EXCESSIVE FORCE AND UNREASONABLE SEARCH AND SEIZURE AGAINST UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

16. Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, acting under the color of federal law, violated Plaintiffs' Fourth

Amendment rights to be free from an unreasonable search and seizure when they executed a warrant that had been obtained by them, Plaintiffs were shot, handcuffed and detained. Plaintiffs were injured as a result of force that was clearly excessive to the need for force, the excessiveness of which was objectively unreasonable. Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S actions were objectively unreasonable and constitute the use of excessive force in violation of the Fourth Amendment to the United States Constitution in that none of the Plaintiffs posed any immediate danger or threat to the safety of Defendants UNKNOWN NAMED FEDERAL AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT at the time that they entered Plaintiffs' residence.

**EXCESSIVE FORCE AND UNREASONABLE SEARCH AND SEIZURE AGAINST MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT AND JAVIER CARDONA**

17. Defendants MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT, and JAVIER CARDONA, acting under the color of state law, violated Plaintiffs' Fourth Amendment rights to be free from an unreasonable search and seizure when Plaintiff Jose Cabello was shot by Deputy Javier Cardona and when Plaintiffs Maria, Anailu, and Christabel Cabello were handcuffed and detained. Plaintiffs were injured as a result of force that was clearly excessive to the need for force, the excessiveness of which was objectively unreasonable. Defendants MAVERICK COUNTY, MAVERICK COUNTY SHERIFF'S DEPARTMENT, and JAVIER CARDONA actions were objectively unreasonable and constitute the use of excessive force in violation of the Fourth Amendment to the United States Constitution in that neither Plaintiff Jose Cabello nor any of the other Plaintiffs posed any immediate danger or threat to the safety of Defendant JAVIER CARDONA or anyone else from the Maverick County Sheriff's Department at the time that they entered Plaintiffs' residence.

## OFFICIAL POLICY OR CUSTOM AGAINST MAVERICK COUNTY AND MAVERICK COUNTY SHERIFF'S DEPARTMENT

18. Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT, are liable under 42 U.S.C. § 1983 because the deprivation of Plaintiff Jose Cabello's and the other Plaintiffs' constitutional rights were inflicted pursuant to an official policy or custom of Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT. The deprivation of Plaintiff Jose Cabello's and the other Plaintiffs' constitutional rights were a direct cause-in-fact of such policy or custom. The policy or custom was the proximate cause of the injuries sustained. The policy or custom reflects a deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## INADEQUATE TRAINING AGAINST MAVERICK COUNTY AND MAVERICK COUNTY SHERIFF'S DEPARTMENT

19. Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT, are also liable under 42 U.S.C. § 1983 because (1) their training procedures relating to apprehensions, the executions of search warrants, self-defense, and the use of force, and specifically training procedures relating to the discharge of a weapon and execution of search warrants are inadequate; (2) Defendants were deliberately indifferent to the safety and the constitutional rights of the public in adopting the training policies; and (3) the inadequate training directly caused Plaintiffs' damages. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NEGLIGENCE AGAINST MAVERICK COUNTY AND MAVERICK COUNTY SHERIFF'S DEPARTMENT

20. Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT were negligent by failing to exercise reasonable care to avoid the shooting of Plaintiff Jose Cabello and the handcuffing and detention of the other Plaintiffs. This claim arises from the use of tangible personal property, namely a firearm and handcuffs, by Defendants so that sovereign immunity is waived under the Texas Tort Claims Act as to Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT. Plaintiffs timely presented their notice of claim to Defendants as required by state law.

21. At all times material, all of the agents, servants, and employees of the Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT who were in any way connected with the occurrence were acting within the course and scope of their employment of official duties and in furtherance of the duties of their office or employment.

22. The occurrence described in this Complaint is a direct and proximate result of the negligence of Defendants MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT and their agents, servants, and officers.

## V. DAMAGES
### ACTUAL DAMAGES

23. Plaintiffs have been damaged as a result of the subject incident, and seek a recovery of all their damages under the various theories of liability described above and as more fully set forth as follows.

24. Plaintiff, JOSE CABELLO, Individually, has suffered the following damages:

   a. Severe emotional distress in the past;

   b. Severe emotional distress that in reasonable probability will be sustained in the future;

c. Medical expenses in the past;

d. Medical expenses that in reasonable probability will be sustained in the future;

e. Mental anguish in the past;

f. Mental anguish that in reasonable probability will be sustained in the future;

g. Physical pain in the past;

h. Physical pain that in reasonable probability will be sustained in the future;

i. Physical impairment in the past;

j. Physical impairment that in reasonable probability will be sustained in the future;

k. Lost earning capacity in the past; and

l. Loss of earning capacity that in reasonable probability will be sustained in the future.

25. Plaintiffs, MARIA CABELLO, ANAILU CABELLO, and CHRISTABEL CABELLO have suffered the following damages:

a. Severe emotional distress in the past;

b. Severe emotional distress that in reasonable probability will be sustained in the future;

c. Mental anguish in the past;

d. Mental anguish that in reasonable probability will be sustained in the future;

e. Physical pain in the past; and

f. Physical pain that in reasonable probability will be sustained in the future.

### VI. PUNITIVE DAMAGES

26. Plaintiffs would show that the acts and/or omissions of the Defendants as set out in the previous paragraphs, when viewed objectively from the standpoint of the Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and were of such nature that the Defendants had, or should have had, a

subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including, but not limited to, the Plaintiffs.

## VII. ATTORNEY'S FEES

27. Pursuant to 42 U.S.C. § 1988, Plaintiffs request this court to award Plaintiffs reasonable and necessary attorney's fees and expenses which Plaintiffs have incurred and will continue to incur during all trial and appellate court proceedings.

## VIII. DEMAND FOR JURY TRIAL

28. Plaintiffs hereby make a demand for jury trial.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to answer herein and, according to law, that this cause be set for trial before a jury, and that Plaintiffs recover judgment against the Defendants for their actual, compensatory, special, additional, and exemplary damages, in an amount in excess of the jurisdictional limits of this Court, together with costs of suit, pre- and post-judgment interest, reasonable and necessary attorney's fees, and all such and further relief to which Plaintiffs may be entitled in law or in equity.

Respectfully submitted,

**FELIX GONZALEZ LAW FIRM, P.C.**
Travis Park Plaza
711 Navarro Street, Suite 104
San Antonio, TX 78205
(210) 298-6666
(210) 298-6000 Facsimile

By: _____
Felix Gonzalez
State Bar No. 00793829
*Attorney for Plaintiffs*